IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO LIMIT** |
| | ) | **GARNISHMENT HEARING** |
| vs. | ) | |
| | ) | |
| Raymond A. Poitra, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | Case No. 4:02-cr-058 |
| and | ) | |
| | ) | |
| Marion Trucking & Construction, | ) | |
| | ) | |
| Garnishee. | ) | |

Before the Court is the Government's "Motion to Limit Garnishment Hearing" filed on September 17, 2009. See Docket No. 97. The Government requests that the garnishment hearing be limited to the following issues: (1) the probable validity of any exemptions claimed by the Defendant and (2) compliance with statutory requirements for issuance of the writ of continuing garnishment granted in the case.

On August 26, 2009, a writ of continuing garnishment was issued to the defendant, Raymond Poitra. See Docket No. 90. Poitra was served with the writ on August 27, 2009. See Docket No. 93. On September 16, 2009, Poitra filed a claim for exemptions and requested a hearing. See Docket No. 94. Poitra claims the Government "is ignoring court order and my written agreement to make payments." The Government contends that Poitra was to begin making monthly payments of $225 on June 10, 2009, but failed to make any payments until September 2009, after the garnishment proceedings were instituted. A hearing is scheduled for September 23, 2009.

Section 3205 of the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001,

et seq., provides that the debtor in a garnishment action may request a hearing. However, the issues considered in the hearing are limited by statute as follows:

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy . . . . The issues at such hearing shall be limited –
>
> > (1) to the probable validity of any claim of exemption by the judgment debtor;
> >
> > (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> >
> > (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to–
> >
> > > (A) the probable validity of the claim for the debt which is merged in the judgment; and
> > >
> > > (B) the existence of good cause for setting aside such judgment.

28 U.S.C. § 3202(d). See United States v. Smith, 2004 WL 414822, at *1 (8th Cir. Mar. 8, 2004) (citing 28 U.S.C. § 3202(d) and noting that issues at a garnishment hearing are "limited to determining validity of any claim of exemption, government's compliance with statutory requirements, and validity of default judgments.").

In this case, the Government seeks to enforce a criminal judgment in which the Court ordered Poitra to pay restitution. The Government contends that Poitra's challenges to the garnishment should be limited to the following two issues set forth in 28 U.S.C. § 3202(d):

> (1)  to the probable validity of any claim of exemption by the judgment debtor;[1]

---

[1] The exemptions available to a criminal defendant are limited to those set out in 18 U.S.C. § 3613(a)(1). See 18 U.S.C. §§ 3613(a), (f). The claim for exemptions filed by Poitra relates to wearing apparel, school books, fuel, provisions, furniture, personal effects, books and tools of a trade, business or profession, unemployment benefits, undelivered mail, certain annuity and pension payments, worker's compensation, and minimum exemptions

(2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted.

See United States v. Furkin, 1998 WL 846873, at *4 (7th Cir. Nov. 24, 1998) (holding that a "hearing under the FDCPA is limited to the determination of whether the property is subject to a valid claim of exemption, whether the government complied with the statutory requirements for the issuance of a writ, and, if the judgment was by default, whether there exists good cause for setting aside the judgment."). Further, it is well-settled that a defendant may not challenge the validity of the underlying conviction or the restitution obligation during a garnishment hearing. See United States v. Pugh, 2003 WL 22048360, at *1 (8th Cir. Sept. 3, 2003); United States v. Taylor, 2007 WL 87746, at *2 (W.D.N.C. Jan. 9, 2007).

The Court **GRANTS** the Government's motion to limit the garnishment hearing (Docket No. 97). The garnishment hearing shall be limited to the following issues:

1) the probable validity of any claim of exemption by the judgment debtor; and

2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted.

. **IT IS SO ORDERED**.

Dated this 18th day of September, 2009.

> */s/ Daniel L. Hovland*
> Daniel L. Hovland, Chief Judge
> United States District Court

---

for wages, salary and other income. The Court notes that the Government is not seeking to execute these items – it only seeks to garnish 25% of Poitra's disposable earnings or wages.